# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JUANITA BROWN | CIVIL ACTION NO. 23-0874 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KROGER CO | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are two Motions for Summary Judgment. First, Defendant Kroger Company ("Kroger") filed a Motion for Summary Judgment seeking dismissal of all of Plaintiff Juanita Brown's ("Brown") properly pending claims. See Record Document 32. Brown did not file an opposition. Second, Kroger filed a Supplemental Motion for Summary Judgment, specifically addressing Brown's retaliation or post-termination claims See Record Document 41. Brown filed an untimely opposition, opposing declaration, and statement of disputed material facts with respect to Kroger's first Motion. See Record Documents 46, 48, & 49. Her opposition materials were filed in response to Kroger's Supplemental Motion and address issues that were never properly filed before the Court in an Amended Complaint. Kroger replied. See Record Document 51.

For the reasons stated below, Kroger's Motion for Summary Judgment (Record Document 32) is **GRANTED**. Brown's race discrimination claim, age discrimination claim, and workplace injury claims are all **DISMISSED WITH PREJUDICE**. Kroger's Supplemental Motion for Summary Judgment (Record Document 41) is **DENIED AS MOOT**. The Court will not thoroughly address Kroger's Supplemental Motion because the retaliation or post-termination claims discussed within it are not before the Court.

## BACKGROUND

Kroger hired Brown as a part-time apparel clerk in the Drug/GM Department. See Record Document 32-14 at 8; see also Exhibits B, D, & E. Brown's job responsibilities as an apparel clerk included stocking shelves with apparel merchandise, stacking totes in the designated storage area, manually attaching price labels with a labeling machine, unloading totes from trucks, using a manual pallet jacket to unload pallets of totes, checking prices, and assisting with inventory procedures. See Record Document 32-14 at 8; see also Exhibit D. Brown's stated availability with Kroger was 7:00AM to 3:00PM; she was unavailable to work Sundays or Mondays. See Record Document 32-14 at 8; see also Exhibits A & C. She was a part-time employee who worked a variable schedule but was regularly scheduled to work at or near 40 hours per week. See Record Document 32-14 at 9; see also Exhibit A.

Brown requested and was approved for medical leave at the end of December 2021 and returned to work in March 2022. See id. She worked from March until November 15, 2022, when she was placed on medical leave due to an alleged workplace injury. See id. Brown filed a workers' compensation claim with the Louisiana Workforce Commission. See id.

On August 23, 2022, Brown filed a grievance with her union, alleging discrimination because she did not receive a full-time position with Kroger. See Record Document 32-14 at 11; see also Exhibit A. As part of the dispute resolution process outlined in the CBA, Brown met with Kroger Store Manager Robert Pierce ("Pierce"), a union representative, and Kroger Human Resources Specialist Katie Richardson ("Richardson"). See id. Pierce and Richardson explained to Brown that she had to work 40 hours for 12 consecutive

2

weeks to achieve full-time status according to the terms of the CBA. See id. The union declined to further advance Brown's grievance through the dispute resolution process under the CBA. See Record Document 32-14 at 11; see also Exhibit F. Brown accuses her union of treating her poorly, not representing her, and "work[ing] for Kroger" because it did not escalate her grievance. See Record Document 32-14 at 11; see also Exhibit A.

On July 15, 2022, Brown filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination because of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and because of her age in violation of the Age Discrimination on Employment Act ("ADEA"). See Record Document 32-14 at 12; see also Exhibit J. The EEOC dismissed the Charge and issued a Notice of Right to Sue on March 31, 2023. See Record Document 32-14 at 12; see also Exhibit K. In her Complaint, Brown accuses the EEOC of being biased against her "during the collecti[on] [of] evidence" and names Cynthia Allen ("Allen") and Vince Emmanuel ("Emmanuel"), the investigators assigned to her case. See Record Document 32-14 at 12; see also Record Document 1. On June 29, 2023, Brown filed the instant suit. See Record Document 1 at ¶ 1.

On August 11, 2023, Kroger sent Brown a letter informing her that she had 14 days to return to work or seek an excused absence because her workers' compensation claim had been closed. See Record Document 32-14 at 9; see also Exhibit A. Kroger terminated Brown's employment on September 13, 2023, when she failed to report back to work. See id. In her Complaint, Brown, who is African American, contends that Amy Clopton ("Clopton"), a white junior Kroger employee, was promoted to a status of full-time employment due to race and age-related discriminatory reasons. See id.

3

**LAW AND ANALYSIS**

**I. Summary Judgment Standard.**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2553). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). There is no

genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

## II. Discrimination Claims under Title VII and the ADEA.

"Title VII forbids employers from discriminating against an employee 'with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin[.]'" Shahrashoob v. Tex. A&M Univ., 125 F. 4th 641, 648 (5th Cir. 2025) (quoting 42 U.S.C. § 2000e-2(a)(1)). A plaintiff can prove a discrimination claim under Title VII either by direct or circumstantial evidence. Ayorinde v. Team Indus. Servs. Inc., 121 F. 4th 500, 507 (5th Cir. 2024). If a plaintiff only offers circumstantial evidence, the Fifth Circuit analyzes the claim under the McDonnell Douglas burden shifting framework. Id. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Under the framework, a plaintiff bears the initial burden. Shahrashoob, 125 F. 4th at 649. A plaintiff must prove she "(1) belongs to a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside her protected group." Id.

If a plaintiff successfully establishes the prima facie case, the burden shifts to the employer "'to articulate some legitimate, nondiscriminatory reason for its action.'" Ayorinde, 121 F. 4th at 507 (quoting Ross v. Judson Indep. Sch. Dist., 993 F. 3d 315, 321 (5th Cir. 2021) (internal quotations marks and citations omitted)). If the employer "'can provide a reason, then the burden shifts back to the plaintiff to prove that the reason is pretextual.'" Id.

"'The ADEA…prohibit[s] an employer from discharging an employee on account that employee's age.'" <u>Dabbasi v. Motiva Enters., L.L.C.</u>, 107 F. 4th 500, 505 (5th Cir. 2024) (quoting <u>Goudeau v. Nat'l Oilwell Varco, L.P.</u>, 793 F. 3d 470, 474 (5th Cir. 2015)). <u>See</u> 29 U.S.C. § 623(a)(1). A plaintiff may base their age discrimination claim or either circumstantial or direct evidence, or a combination of both. <u>Id.</u> "If a plaintiff relies on circumstantial evidence of age discrimination, the [Fifth Circuit] applies the <u>McDonnell Douglas</u> framework to the inquiry." <u>Id.</u> The prima facie case requires a plaintiff to establish the following: "'(1) [she] was discharged; (2) [she] was qualified for the position; (3) [she] was within the protected class at the time of discharge; (4) [she] was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of [her] age.'" <u>Id.</u> (quoting <u>Jackson v. Cal-W. Packaging Corp.</u>, 602 F. 3d 374, 378 (5th Cir. 2010) (citation omitted)).

If a plaintiff successfully establishes a prima facie case, "'the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision.'" <u>Id.</u> (quoting <u>Berquist v. Wash. Mut. Bank</u>, 500 F. 3d 344, 349 (5th Cir. 2007)). "[I]f the employer satisfies that obligation, the burden shifts back to the plaintiff to show the employer's reason was pretextual." <u>Id.</u>

**III. Overview of Motions.**

In its first Motion for Summary Judgment (Record Document 32), Kroger argues that Brown's Title VII race discrimination claim lacks merit and should be dismissed. <u>See</u> Record Document 32-14 at 14. Kroger asserts that Brown cannot present the prima facie case for race discrimination because she cannot establish that she was qualified as a full-time employee. <u>See id.</u> Kroger points out that Brown has admitted she never worked 40

hours for 12 consecutive weeks in her deposition. See id. at 15. Furthermore, even if Brown could establish the prima facie case, Kroger contends it has proffered evidence that its promotion decisions were based on legitimate, nondiscriminatory reasons, thus shifting the burden back to Brown. See id. at 16. Kroger submits Brown cannot show pretext. See id. at 17. Kroger argues it was merely following the rules of its CBA. See id. Kroger asserts that Brown offers nothing more than her subjective beliefs to support her claims; therefore, her race discrimination claim under Title VII should be dismissed. See id. at 18.

Kroger submits that Brown's age discrimination claim under the ADEA also fails as a matter of law. See id. at 19. Kroger contends Brown cannot demonstrate the prima facie case for age-based discrimination because she cannot prove she was qualified as a full-time employee. See id. Furthermore, Kroger claims she fails to proffer any evidence that its decision not to promote her was pretextual or that Kroger did anything to indicate it was motivated by age. See id. Additionally, Kroger points out that Brown's alleged comparator, Clopton, is in the same protected class as Brown because she was over 40-years old when she was promoted. See id. at 21. Since Brown cannot set forth any factual allegations to support her assertions of discriminatory motivation based on age, Kroger submits her age discrimination claim under the ADEA should be dismissed. See id.

Kroger also asserts that Brown's claims arising out of her termination have not been alleged in this lawsuit. See id. at 22. Her termination occurred after this lawsuit was filed. See id. Kroger contends Brown has not exhausted her administrative remedies on any claims arising out of her termination and has not been granted leave to amend this suit to add such claims. See id. To the extent Brown complains her termination constituted

7

retaliation, Kroger submits that such claims are not before the Court. See id. However, Kroger provides that even if the Court were to find such claims before it, they have no merit and should be dismissed. See id. Finally, Kroger argues Brown's workplace injury claims are preempted under Louisiana's workers' compensation laws. See id. at 25. As such, Kroger asserts that the Court should dismiss any of her claims related to her workplace injury with prejudice to the extent it finds she has pled them in her Complaint. See id.

Kroger filed a Supplemental Motion for Summary Judgment to specifically address Brown's retaliation claim. See Record Document 41. Kroger's position is that Brown's new retaliation allegations are not properly a part of this lawsuit because she never filed an Amended Complaint after the Court granted her Motion for Leave on April 14, 2024 or after the Court's deadline on June 14, 2024. See id. at 2. Kroger points out that Brown's prior Amended Complaint was struck from the record. See id.; see also Record Documents 22 & 25. Kroger filed this Supplemental Motion out of an abundance of caution to fully dispense of her retaliation claim. See Record Document 41 at 2.

Kroger contends Brown's retaliation claim should be dismissed for the following reasons: (1) Brown failed to property amend her Complaint to add this new claim; (2) her retaliation claim is based on her alleged workplace injury and is preempted by state workers' compensation laws; (3) she cannot make a prima facie retaliation case under Title VII; and (4) even if Brown could properly assert a retaliation claim, Kroger has a legitimate and nonretaliatory reason for her termination. See Record Document 41-5 at 7. For these reasons, Kroger submits Brown's retaliation claim should be dismissed, and summary judgment should be granted on all claims. See id.

In response to Kroger's Supplemental Motion, Brown filed a memorandum in opposition (Record Document 46), an opposing declaration (Record Document 48), and a statement of disputed material facts (Record Document 49). Brown did not formally or timely respond to Kroger's first Motion for Summary Judgment (Record Document 32). The Court nonetheless construes her opposition to Kroger's Supplemental Motion for Summary Judgment as an opposition to Kroger's first Motion for Summary Judgment. She asserts that "[t]here is a genuine dispute as to why [she] never met the requirement in the CBA, and therefore, her claim of discrimination surrounding the failure to promote should be disputed." See Record Document 46 at 2. Furthermore, Brown argues her "discrimination claim has merit. [She] can identify Kroger's decision to not promote was based on her race and age as evidence." See id. Brown claims, "[she] can show she was qualified for the full-time position if knowingly given the chance to qualify by completing 40 hours for 12 consecutive weeks by not missing a shift, only then has the requirement been met under the CBA." See id. at 2–3. She contends that "Kroger did not let [her] know when and if she was in her 40hr 12 weeks consecutively anytime before medical leave." See id. at 6.

In her opposing declaration, Brown claims, "To the naked eye Kroger will have it looking like [they are] in compliance to their policies, protocols and procedures but what one doesn't see is their non compliance to their policies, protocols and procedures according to their benefit only." See Record Document 48 at 1. Furthermore, she asserts that her "EEOC discrimination claim of bias from Ms. Cynthia Allen holds merit during the collecting of evidence in favor of the Defendant Kroger by allowing them three months to give a position statement and only giving [Brown] an additional week to rebuttal an elderly

9

who is pro se." See id. at 2. Ultimately, Brown asks the Court to Dismiss Kroger's Supplemental Motion for Summary Judgment and "take us to trial." See id. at 3.

Kroger replies, stating that Brown uses its Supplemental Motion as an opportunity to address its earlier Motion for Summary Judgment (Record Document 32). See Record Document 51 at 1. Additionally, Kroger argues Brown concedes she was never qualified for the promotion to full time and cannot offer any evidence that her termination was carried out because of any protected activity. See id. Kroger reiterates that Brown's race discrimination claim under Title VII, her age discrimination claim under the ADEA, and her retaliation claim under Title VII are all meritless and should be dismissed. See id. at 7. Kroger submits there are no genuine issues of material fact, and it is entitled to judgment as a matter of law. See id.

**IV. Analysis.**

(a) Timeliness of Brown's Opposition, Opposing Declaration, and Statement of Disputed Material Facts.

Brown's opposition, opposing declaration, and statement of disputed material facts technically do not serve as an opposition to Kroger's first Motion for Summary Judgment (Record Document 32). Brown's deadline to file an opposition to Kroger's first Motion was April 10, 2024. She never filed an opposition, which the Court views as an unexcused delayed filing. While this Court understands the challenges a pro se plaintiff like Brown faces, "the Fifth Circuit has refused to excuse inadvertent neglect of deadlines, even for pro se plaintiffs." Shaw v. Ciox Health LLC, No. 19-14778, 2021 WL 6275212, at *2 (E.D. La. Aug. 26, 2021) (citing Teemac v. Henderson, 298 F. 3d 452, 458 (5th Cir. 2006)).

10

Moreover, Brown abided by the opposition deadline for Kroger's Supplemental Motion, which demonstrates her understanding of Court deadlines.

The Court cannot grant Kroger's first Motion for Summary Judgment solely because there is no opposition. Swafford v. Experian Info. Solutions, Inc., No. 18-789, 2019 WL 5597310, at *3 (M.D. La. Aug. 27, 2019). See Day v. Wells Fargo Bank Nat'l Ass'n, 768 F. 3d 435 (5th Cir. 2104) (quoting Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima, 776 F. 2d 1277, 1279 (5th Cir. 1985)). However, the Court "'may grant an unopposed summary judgment motion if the undisputed facts show that [Kroger] is entitled to judgment as a matter of law.'" Id. Even though Brown is a pro se plaintiff, the Court "'does not have a duty to search the entire record to find evidence supporting [her] opposition.'" Id. (quoting Watkins v. Experian Info., Solutions, Inc., 13-00239, 2014 WL 12879669, at *4 (W.D. Tex. Sept. 8, 2014) (citing Jones v. Sheehan, Young, & Culp, P.C., 82 F. 3d 1334, 1338 (5th Cir. 1996))). Rather, Brown must find evidence and demonstrate in a specific and precise manner how this evidence supports her claims. Id. The merits of her claims are discussed below.

### (b) Title VII Race Discrimination Claim.

The Court finds that Brown fails to overcome summary judgment on her race discrimination claim because she cannot successfully establish the prima facie case. Brown was aware that under Kroger's CBA, she could qualify as a full-time employee if she worked 40 hours for 12 consecutive weeks. See Record Document 32-1 at 14. She testified that she did not meet the requirements under the CBA to become a full-time employee. See id. at 29. Brown testified that no one from Kroger ever made any racist remarks towards her. See id. at 22, 24. Additionally, the only evidence Brown presents to

11

supports her race discrimination claim is the fact that full-time status was given "to a little pretty white girl." See id. at 28.

The Court finds that Brown does not assert sufficient evidence showing she was qualified as a full-time employee at Kroger. In fact, she acknowledges she was not qualified. The summary judgment record illustrates that Brown never worked 40 hours for 12 consecutive weeks. See Record Document 32-5. Even if Brown met the elements under the prima facie case, which she does not, Kroger had a legitimate, nondiscriminatory reason for its action: she was not promoted because she did not meet the requirements under the CBA. Since the Court finds that Kroger had a legitimate, nondiscriminatory reason for its action, the burden shifts back to Brown to prove its reasoning is pretextual, which she fails to do. Brown has no evidence that race played into Kroger's decision. Kroger promoted Clopton to full-time employment because she qualified as a full-time employee under the CBA. Brown's unsupported subjective beliefs are insufficient to overcome summary judgment. There are no genuine issues of material fact as to whether Kroger discriminated against Brown because of her race. Therefore, Kroger's first Motion for Summary Judgment (Record Document 32) is **GRANTED** with respect to the Title VII race discrimination claim. Brown's Title VII race discrimination claim is **DISMISSED WITH PREJUDICE**.

(c) ADEA Age Discrimination Claim.

The Court also finds that Brown has failed to successfully establish the prima facie case for age discrimination under the ADEA. Brown was never qualified as a full-time employee. At the time of Clopton's promotion to full-time status, she was over 40 years old. See Record Document 32-1 at 23. Even though Clopton is younger than Brown,

12

Kroger had a legitimate, nondiscriminatory reason to not promote her: she did not qualify as a full-time employee under the CBA, while Clopton did. Since the burden now shifts back to Brown, she must be able to put on evidence of pretext, which she fails to do. Kroger never made any comments towards Brown that were derogatory based on her age. See Record Document 32-1 at 24. There is no evidence from the summary judgment record demonstrating Kroger's decision was based on Brown's age.

There are no genuine issues of material fact as to whether Kroger discriminated against Brown based on her age. Therefore, Kroger's first Motion for Summary Judgment (Record Document 32) is **GRANTED** with respect to the age discrimination claim under the ADEA. Brown's ADEA age discrimination claim is **DISMISSED WITH PREJUDICE**.

(d) Workplace Injury Claims.

From Brown's Complaint, it is unclear whether she has pled claims related to her workplace injury. However, even if she has successfully asserted workplace injury claims, they are preempted under Louisiana's workers' compensation laws. Louisiana Revised Statutes § 23:1032(b) provides, "[t]his exclusive remedy is exclusive of all claims, including claims that might arise against [her] employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine." LA. REV. STAT. § 23:1032(b). Therefore, Kroger's first Motion for Summary Judgment (Record Document 32) is **GRANTED** with respect to Brown's potential workplace injury claims. Any workplace injury claims asserted by Brown against

Kroger are **DISMISSED WITH PREJUDICE**, as they are preempted by Louisiana Worker Compensation law.[1]

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Kroger's Motion for Summary Judgment (Record Document 32) is **GRANTED**. Brown's race discrimination claim under Title VII and age discrimination claim under the ADEA are **DISMISSED WITH PREJUDICE**. Furthermore, Brown's workplace injury claims are **DISMISSED WITH PREJUDICE**, as they are preempted by Louisiana's workers' compensation laws. These three claims are the only claims where issue has been joined; thus, dismissal of the case in its entirety is warranted.

**IT IS FURTHER ORDERED** that Kroger's Supplemental Motion for Summary Judgment (Record Document 41) is **DENIED AS MOOT**. Since Brown failed to properly amend her Complaint, her attempted allegations of retaliation or post-termination claims are not before the Court.

---

[1] The Court finds that Brown's attempted assertion of retaliation or post-termination claims are not before this Court. Brown was given ample opportunity to properly amend her Complaint, and she failed to do so. Her attempted Amended Complaint was marked as deficient, and Magistrate Judge Hornsby struck it from the record. See Record Documents 22 & 25. There has been no showing of good cause as to why Brown did not comply with Court issued deadlines. As a result, Kroger's cautionary Supplemental Motion for Summary Judgment (Record Document 41) will not be thoroughly addressed by this Court because the issues discussed within it were not brought timely and properly before this Court.

A Judgment accompanying this ruling will issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 18th day of February, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE