UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JUANITA BROWN | CIVIL ACTION NO. 23-0874 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KROGER CO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Plaintiff Juanita Brown's ("Brown") Motion for Relief from Final Judgment styled as a Motion for Leave to File an Appeal. See Record Document 55. Defendant Kroger Company ("Kroger") opposed. See Record Document 57. Brown did not reply. For the reasons set forth below, Brown's Motion (Record Document 55) is **DENIED**, and her request to be relieved from paying Kroger's bill of costs is also **DENIED**.

**BACKGROUND**

A more detailed recitation of the facts can be found in the Court's previous Memorandum Ruling (Record Document 52). On February 18, 2025, the Court granted Kroger's Motion for Summary Judgment (Record Document 32). See Record Documents 52 & 53. Brown's Title VII race discrimination claim and age discrimination claim under the Age Discrimination and Employment Act ("ADEA") were dismissed with prejudice. See id. Additionally, her workplace injury claims were dismissed with prejudice, as the Court found they were preempted by Louisiana's workers' compensation laws. See id. Since these three claims were the only claims where issue had been joined, the Court dismissed the case in its entirety and entered a Final Judgment. See id. Brown filed the instant

Motion 55 days after the Court entered its Memorandum Ruling and Judgment (Record Documents 52 & 53). See Record Document 55.

## LAW AND ANALYSIS

**I. Motion for Relief from Final Judgment.**

"The purpose of a Rule 60(b) motion, which provides relief from a final judgment, is to permit a trial judge to 'correct obvious errors or injustices and so perhaps obviate the laborious process of appeal.'" McZeal v. Deutsche Bank Nat'l Trust Co., No. 16-0430, 2016 WL 4154846, at *1 (W.D. Tex. Aug. 3, 2016) (quoting Fackelman v. Bell, 564 F. 2d 734, 735–36 (5th Cir. 1977)). "Weighing against the grant of a Rule 60(b) motion is the need to uphold the finality of judgments and to avoid injustice to the movant and the opposing party." Id. Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move forward for a new trial under Rule 59(b);
>
> (3) fraud …, misrepresentation, or other misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged …, or;
>
> (6) any other reason justifying relief.

Id. at *1–2 (quoting Fed. R. Civ. P. 60(b)).

**II. Bill of Costs.**

Federal Rule 54 "provides that a prevailing party in a civil action should be allowed to recover its 'costs—other than attorney's fees,' unless otherwise directed by the court, the rules or a federal statute." Williams v. Crawford & Co., No. 20-1553, 2022 WL 4466723, at *1 (N.D. Tex. Sept. 25, 2022) (quoting FED. R. CIV. P. 54(d)(1)). "There is 'a strong presumption that the prevailing party will be awarded costs.'" Id. (quoting Schwarz v. Folloder, 767 F. 2d 125, 131 (5th Cir. 1985) (citing Delta Air Lines, Inc. v. Aug., 450 U.S. 346, 353 (1981))). This is a rebuttable presumption wherein the district court has the discretion to deny costs, but the court cannot deny or reduce costs without providing a good reason for doing so. See id.

The Fifth Circuit has recently held that "'[f]inancial hardship, without more, is not a sufficient reason to deny costs.'" Id. at *2 (quoting Hawkins v. City of Lexington, No. 21-60838, 2022 WL 671452, at *1 (5th Cir. Mar. 7, 2022)). In fact, even when a plaintiff proceeds in forma pauperis, a court may order them to pay certain costs at the end of the litigation. See id.; see also Shaw v. Hardberger, Nos. 10-50136, 10-50442, 2011 WL 1519134, at *2 (5th Cir. Apr. 21, 2011).

**III. Summary of the Arguments.**

Brown styles her Motion as a "Motion for Leave to File Appeal"; however, based upon the relief sought, the Court interprets her Motion as a Motion for Relief from Final Judgment pursuant to Rule 60(b). See Record Document 55. Brown requests to reopen the case "to have [certain] facts proven at an evidentiary hearing." See id. at 1. She lists four new pieces of evidence that justifying reopening the case. See id. The list below

3

provides the alleged four new pieces of evidence verbatim as they appear in Brown's Motion:

> 1. Work Injury Settlement reached in mediation on March 3 2025. (Doc Attached)
>
> 2. Workers Compensation Claim has not been denied but Trial date set for unknown future date. (Doc Attached)
>
> 3. Plaintiff learned of incomplete discovery on October 22 2024 (43) Ask Kroger ("Defendant") to provide ("Plaintiff") with new argument and claim made in supplemental motion for summary judgment (41). Still Ask to do so.
>
> 4. Ask for relief from paying any bill due to being pro se and requesting relief from paying and being granted that relief ask the courts to continue that waiver of having not to pay any bills now just as then.

See id.

Ultimately, Brown asks that the Court "permit her leave to file appeal and reopen on new evidence and incomplete discovery to opposing defendant Kroger supplemental motion for summary judg[]ment." See id. at 2. Attached to Brown's Motion is Exhibit A, which is a handwritten statement signed on March 3, 2025 and provides the following: "I, Juanita Brown, and I, Allen Cooper, agree that if I do not walk away with $50,000.00 out of the settlement of her 04-27-2022 workers compensation accident, then I can reserve the right to reject the settlement." See Record Document 55-1 at 1. She also attaches a Certificate to Return to Work/School that explains how she is unable to work at this time and will be re-evaluated on April 18, 2025. See id. at 3.

Kroger opposes, asserting that Brown's Motion should be denied for several reasons. See Record Document 57 at 1. First, Kroger argues her Motion is untimely because the deadline to file a notice of appeal was March 20, 2025. See id. Second,

4

Kroger contends that the Court has issued a final judgment, and Brown's request that the Court reopen the case to hear new evidence should be denied. See id. at 2. Kroger avers she has provided no reason why the Court's previous Memorandum Ruling and Order should be upended. See id. Third, Kroger advances that Brown seeks to submit new evidence regarding her Workers' Compensation claim; however, the Court dismissed that claim with prejudice, finding it was preempted by Louisiana law. See id. Finally, Kroger submits that it is entitled to seek its bill of costs under Rule 54(d); thus, her request not to pay Kroger's bill of costs should be denied. See id. at 2–3.

**IV. Analysis.**

The Court finds that Brown is not entitled to relief under Rule 60(b). To successfully obtain relief under Rule 60(b)(2), which deals with newly discovered evidence, Brown "must show in part that 'the [new] evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" Jenkins v. LaSalle Sw. Corr., No. 20-10533, 2025 WL 66734, at *3 (5th Cir. Jan. 10, 2025). Her alleged new evidence is uncorroborated, immaterial, and not persuasive. Brown merely makes four unsupported statements that she argues justifies a reopening of the case. The Court disagrees, as these statements do not constitute newly discovered evidence that would have produced a different result; therefore, reopening this case is not justified.

Reconsidering a final judgment "'after its entry is an extraordinary remedy that should be used sparingly.'" Durham v. AMIKids Baton Rouge, Inc., No. 17-343, 2022 WL 726958, at *2 (M.D. La. Feb. 2, 2022) (quoting Allen v. Envirogreen Landscape Pros., Inc., 721 Fed. Appx. 322, 328 (5th Cir. 2017) (quoting Templet v. HydroChem Inc., 367 F. 3d 473, 479 (5th Cir. 2004) (citation omitted))). Rule 60(b) should not be used to reassert

5

evidence, legal theories, or arguments that could have been made prior to the entry of the final judgment. See id. Brown's four assertions do not meet the definition of new evidence under Rule 60(b). She merely reiterates arguments that are irrelevant or have already been addressed by this Court. For example, her statement that her workers' compensation claim has not been denied is incorrect, as this Court dismissed that claim with prejudice. See Record Documents 52 & 53. Additionally, she mentions a "Work Injury Settlement" that was reached on March 3, 2025; however, the Court has no knowledge of such settlement. Because all of her claims were dismissed at the summary judgment stage, her reassertions about settlement and discovery are irrelevant and meritless.

Additionally, Brown asks for relief from paying any bills or costs since she is a pro se plaintiff. The Fifth Circuit has held that financial hardship alone is not a sufficient reason for a court to deny costs. See Williams, 2022 WL 4466723, at *2 (quoting Hawkins, 2022 WL 671452, at *1). Brown has failed to offer any evidence demonstrating limited financial resources or evidence illustrating other factors the Court should consider in denying an award of costs. See id. Even if the Court assumed she was in good faith and had limited resources, she has failed to overcome the presumption that Kroger, the prevailing party, is entitled to its costs. See id. Even though she is a pro se plaintiff proceeding in forma pauperis, it is not error for this Court to order Brown to pay Kroger's bill of costs.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Brown's Motion for Relief from Final Judgment styled as a Motion for Leave to File an Appeal (Record Document 55) is **DENIED**.

**IT IS FURTHER ORDERED** that Brown's request to be relieved from paying Kroger's bill of costs is **DENIED**.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 13th day of May, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE